IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. CARTER | ) | |
| | ) | |
| v. | ) | 3-08-CV-357-B |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of burglary of a habitation as charged in the indictment returned in Cause No. F-03-32057-WL Carter was tried by a jury which returned a verdict of guilty and thereafter assessed his punishment at a term of 38 years imprisonment. He effected a direct appeal and on July 28, 2005, the Fifth Court of Appeals of Texas at Dallas affirmed his conviction, but subsequently withdrew its unpublished opinion in lieu of its later unpublished opinion delivered on September 13, 2005. The Texas Court of Criminal Appeals

subsequently refused his petition for discretionary review on January 18, 2006. Carter then filed an art. 11.07 application for habeas corpus relief in the convicting trial court. Following the trial judge's entry of proposed findings of fact and conclusions of law the Texas Court of Criminal Appeals denied his application for habeas corpus relief on February 6, 2008, without a written order on the findings of the trial court. Carter then filed his § 2254 petition in the present action on February 22, 2008, the date on which he signed his petition and presumably placed it in the prison mail system. In response to the petition and this court's show cause order Respondent has filed his answer together with copies of the prior proceedings in the state court system. It is not claimed that Carter has failed to exhaust his state court remedies.

**Findings and Conclusions**: In ten individual grounds Carter alleges that he was denied the effective assistance of counsel by his trial attorney. He asserts two additional grounds attacking the representation afforded by his appellate counsel. He further contends that the prosecution suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). Finally he claims that the trial court violated the requirements imposed in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986).

Disposition of the instant § 2254 petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA") which in pertinent part provides that federal habeas corpus relief is not available to a state prisoner with respect to a claim adjudicated on the merits in State court proceedings unless the determination

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United states; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

2

proceeding.

28 U.S.C. § 2254(d)(1) and (2).

In the present case each of Petitioner's grounds for relief was denied on the merits based upon the findings of the State trial court. *See* WR-68,781-02 at cover.

Disposition of Carter's ineffective assistance of counsel claims is governed by the two-prong test set out in the United States Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984).[1] The first prong requires a habeas petitioner to show that his attorney's representation fell below an objective standard of reasonableness, to wit: that the attorney made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In making this showing a petitioner must overcome the strong presumption that his attorney's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689.

Under the second prong a petitioner must show that his attorney's constitutionally deficient performance prejudiced the defense, that is that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Finally, because both prongs of the *Strickland* test must be satisfied, failure to establish either prong forecloses relief on an ineffective assistance of counsel claim. *Id.* at 697.

As noted above, each of Carter's ineffective assistance of counsel claims was presented in his state habeas application. The state trial court obtained an affidavit from his trial attorney, Phillip

---

[1] The *Strickland* test also applies to the representation afforded on direct appeal. *See Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746 (2000).

3

Robertson, which addressed each claim. WR-68,781-02, at 113-114. In its findings and recommendation the court found Robertson to be trustworthy and that the explanations for his actions were reasonable and based on a sound knowledge of the law. The judge then proceeded to find that Carter failed to prove either prong of the *Strickland* test and that he had received effective assistance of counsel at trial. *Id.* at 108-112, at Part 3.

With respect to appellate counsel's representation, the state trial court noted that because Petitioner's attacks on his trial attorney's representation lacked merit his appellate attorney was not obligated to assert points of error based on Mr. Robertson's conduct. The court found that Mr. Hagler presented two issues on appeal and was an active advocate on Carter's behalf.[2] As with his complaints against his trial lawyer, the state court found that he failed to establish that he was denied effective assistance of counsel on appeal. *Id.* at 110-111 at Parts 4 and 5.

These findings of fact and conclusions of law were relied upon by the Court of Criminal Appeals in denying Carter's art. 11.07 application.

A review of the relevant portions of the state court record which is summarized in Respondent's answer at 13-19, Parts A-C and at 21-11, Part E, demonstrates that the state court correctly rejected Carter's claims.[3]

---

[2]In Carter's direct appeal brief Mr. Hagler attacked the factual sufficiency of the evidence to sustain the jury's verdict, a lower threshold for the reversal of a Texas criminal conviction than the constitutional standard in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). *See Clewis v. State*, 922 S.W.2d 127, 129 (Tex.Crim.App. 1996) and *Zuniga v. State,* 144 S.W.3d 477, 484-85 (Tex.Crim.App. 2004).

[3]The magistrate judge notes that the state trial court found that any speedy trial delay could not be blamed on Mr. Robertson. Further, Carter presented nothing in his art. 11.07 application to raise a constitutional violation under the four factor test set out in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182 (1972). Two previous attorneys were allowed to withdraw when conflicts between each one and Carter required that they be relieved of continued

However, even were this court to disagree with the State courts' rejection of Petitioner's ineffective assistance of counsel claims, the AEDPA does not permit it to substitute its opinion for that of the Texas courts. The decision reached may only be overturned if it be shown that it was not only erroneous, but objectively unreasonable. *See e.g. Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1 (2003). Because Carter has failed to make this showing his ineffective assistance of counsel claims should be denied.

In Ground Thirteen Carter asserts that the prosecution suppressed exculpatory information, to wit: that the State used the "false statement" of his co-defendant, knowing the same to be false. The record shows that Petitioner's nephew, Shamarcus Carter, testified that the contents of the statement he gave police on April 29, 2003 (State's Exhibit 33) accurately related what he told the police. *See* S.O.F. Vol. 4 at 85, *et seq.* However, on cross examination he recanted all of the statements he made to the police on April 29th. *Id.* at 95 *et seq.* It is clear that nothing of an exculpatory character was withheld. Although, Shamarcus's prior statements to the police and his testimony on cross examination were wholly contradictory, this circumstance raised a credibility issue to be decided by the jury and fails to show that the prosecution knowingly presented perjured testimony.

In his final ground for relief he complains that the trial court erred in not requiring the prosecutor to articulate racially neutral reasons for exercising peremptory challenges in removing

---

representation.
    The record shows that Mr. Robertson made a *Batson* challenge to two peremptory challenges exercised by the State. Reporter's Record, Vol. 3 at 113-114. After hearing from the prosecutor, the court denied the defense challenge finding that there were racially neutral reasons for the strikes. The fact that the attorney's challenge was denied does not support a claim of constitutionally infirm representation. Nor does the state court record suggest that a viable point of error on appeal could have been raised based on the court's denial of the *Batson* challenge.

minority venire persons from the jury panel. In his answer Respondent contends that merits review of this claim is procedurally barred. Federal habeas review is procedurally barred if the last state court to consider it expressly and unambiguously based its denial of relief on a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991).

In addressing this claim the state trial court found that it was not cognizable in a habeas proceeding because it could have been raised on direct appeal but was not. *See* WR-68,781-02 at 111 at ¶¶ 8 and 9.[4] The Court of Criminal appeals in turn denied relief on the findings of the trial court and therefore consideration of Carter's *Batson* error is procedurally barred.

Alternatively, even if this court were not precluded from considering this claim on the merits, he is not entitled to relief. As an alternative basis for denial, the state trial court found that the record refuted the argument that the prosecution had failed to present specific, non-discriminatory reasons of exercising peremptory challenges to remove venire persons Nos. 22 and 33. No. WR-68,781-02 at 111, ¶ 9. *See also* Court Reporter's Vol. 3 at 112-114.

However, even if this court were to reject the state courts' finding that the *Batson* challenges were properly rejected by the trial judge, relief cannot be granted because Carter has failed to sustain his burden of proving that the state court system unreasonably applied clearly established Federal law. § 2254 (d)(1) and (2). *See also Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995).

**RECOMMENDATION**:

---

[4]In its answer to the art. 11.07 application the district attorney cited two Court of Criminal Appeals' decisions, *Id.* at 097, including *Ex Parte Gardner,* 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) wherein the court stated "There is no valid reason why applicant could not have raised an direct appeal [the present issue]. It is well-settled 'that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal'." *See also Ex Parte Cruzata*, 220 S.W.3d 518 (Tex. Crim. App. 2007).

6

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 24th day of September, 2008.

                               /s/ Wm. F. Sanderson, Jr.
                               WM. F. SANDERSON, JR.
                               UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.